482 A.2d 1292

**COMMONWEALTH of Pennsylvania**
**v.**
**George CARROLL, Appellant.**

Superior Court of Pennsylvania.

Submitted June 22, 1984.

Filed Oct. 12, 1984.

Petition for Allowance of Appeal Granted July 22, 1985.

Marilyn C. Zilli, Assistant Public Defender, Harrisburg, for appellant.

Katherene E. Holtzinger, Deputy District Attorney, Harrisburg, for Commonwealth, appellee.

Before DEL SOLE, POPOVICH and ROBERTS, JJ.

DEL SOLE, Judge:

Appellant was convicted, after a jury trial, of possession with intent to deliver heroin. Post-trial motions were filed and denied. Appellant was sentenced to two and one-half to five years imprisonment. This appeal followed.

Eight issues are raised on appeal: 1) Was trial counsel ineffective in failing to object to dismissal of the deadlocked first jury and in failing to file a Motion to Dismiss before Appellant's retrial on the grounds of double jeopardy?; 2) Was trial counsel ineffective in failing to file a Motion to Suppress before Appellant's second trial?; 3) Did the court err in permitting evidence of prior criminal activity?; 4) Was trial counsel ineffective in failing to adequately cross-examine the police officers?; 5) Was the evidence insufficient to sustain the verdict?; 6) Was trial counsel ineffective in failing to properly question Appellant's wife?; 7) Did the court err in instructing the jury concerning the marked twenty dollar bill found in Appellant's possession?; and 8) Was trial counsel ineffective in failing to preserve for appeal the issue of court error in permitting the search warrant to go to the jury as evidence?

Because we have concluded that Appellant's argument concerning sufficiency of the evidence has merit, we do not need to address the other issues raised in this appeal.

In reviewing the sufficiency of the evidence to support a conviction, we must view that evidence in the light most

favorable to the Commonwealth. *Commonwealth v. Smith,* 484 Pa. 71, 398 A.2d 948 (1979).

■ The following evidence was presented at trial. A confidential police informant made a controlled buy of heroin in room 21 of the Econo Motel in Harrisburg. Police recorded the serial numbers of the money used to make the purchase. Room 21 was registered to Appellant and his wife. Based on information from the informant, police obtained a search warrant for the motel room. The warrant was executed approximately twelve hours after the controlled buy. Appellant, his wife and his teenage stepdaughter were present in Room 21 at the time. In the bathroom, under the plastic trash can liner, a syringe and bottle cap were found. A laundry bag by one of the beds contained a pair of women's blue jeans. Inside the pocket of the jeans, wrapped in a three year old rent receipt made out to Appellant's wife, was 680 milligrams, or approximately 7 dosages, of heroin. Police also seized $70.00 in currency from the pocket of Appellant's pants, which were lying over a chair. One of the bills contained the same serial number as one of the bills used in the previous controlled buy. All three occupants denied any knowledge of the drugs and denied that they were heroin users, although Appellant's wife was a former heroin addict and was undergoing methodone treatment at the time of the arrest. Appellant's wife and stepdaughter both testified that the blue jeans belonged to a friend of the daughter.

We hold that the above-recited evidence was not sufficient to prove, beyond a reasonable doubt, Appellant's constructive possession of the heroin.

■ In order to prove constructive possession, the Commonwealth had to prove: 1) the power to control and 2) the intent to exercise control on the part of the Appellant. *Commonwealth v. Gilchrist,* 255 Pa.Super. 252, 386 A.2d 603 (1978). Although Appellant's presence at the scene is one factor to be considered, that fact alone is not sufficient to prove constructive possession. *Commonwealth v.*

*Thompson*, 286 Pa.Super. 31, 428 A.2d 223 (1981). It is true that the motel room was registered to Appellant and his wife. In *Commonwealth v. Gilchrist, supra,* this Court held that the Commonwealth need not prove that the defendant/husband exerted more control over the premises than his wife, but rather that he exerted joint control and had equal access to both the apartment and the contraband. In *Gilchrist,* contraband was found in "plain view" in a box on the mantle of the shared bedroom and in a dresser drawer which contained both men's and women's clothing. In this case, however, the heroin was not found in plain view. It was found inside the pocket of a pair of woman's pants, inside a laundry bag. There was no evidence that any articles of men's clothing were found in the laundry bag. The pants containing the heroin obviously did *not* belong to the Appellant. Furthermore, the heroin was wrapped in a receipt made out to Appellant's *wife.* The logical inference from the evidence is that the heroin was in the constructive possession of Appellant's wife, rather than Appellant. It cannot be inferred from the mere fact of marriage that Appellant had equal access to and the power and intent to control his wife's personal possessions.

The Commonwealth makes much of the fact that Appellant had in his possession a bill used in a controlled drug buy the day before. Appellant was not charged in connection with the prior buy. Two other family members were residing in the motel room at the time. There was no evidence presented at trial that Appellant made that sale or was even present when it took place. It is true, as the Commonwealth argues, that Appellant's possession of the bill is *relevant* to the question of his knowledge of and intent to control the heroin seized in this case. However, from that fact alone, one may not conclude beyond a reasonable doubt that Appellant had the power and intent to control the heroin which was in a laundry bag, in the pocket of a pair of women's pants, wrapped in a receipt made out to his wife. Considering the totality of the circumstances in this case, *Commonwealth v. Harris,* 263 Pa.Super. 110, 397

A.2d 424 (1979), the Commonwealth failed to meet its burden of proof.

Judgment of Sentence reversed. Appellant is discharged.