507 A.2d 819

**COMMONWEALTH of Pennsylvania, Appellant,**

**v.**

**George CARROLL, Appellee.**

Supreme Court of Pennsylvania.

Submitted Jan. 21, 1986.

Decided April 14, 1986.

Richard A. Lewis, Dist. Atty., Joseph H. Kleinfelter, Katherine E. Holtzinger-Conner, Asst. Dist. Attys., for appellant.

Marilyn C. Zilli, Harrisburg, for appellee.

Before NIX, C.J., and LARSEN, FLAHERTY, McDERMOTT, HUTCHINSON, ZAPPALA and PAPADAKOS, JJ.

## OPINION OF THE COURT

HUTCHINSON, Justice.

The Commonwealth appeals by allowance a Superior Court panel's order reversing appellee, George Carroll's, conviction for possession of a controlled substance with intent to deliver. 35 P.A. § 780–113(a)(30). The sole issue presented on appeal is whether The Commonwealth presented sufficient evidence to establish constructive possession. We hold that this case is controlled by our recent decision in *Commonwealth v. Macolino*, 503 Pa. 201, 469 A.2d 132 (1983), and the evidence was sufficient. *See also Commonwealth v. Gilchrist*, 255 Pa.Superior Ct. 252, 386 A.2d 603 (1978). Thus, we vacate Superior Court's order reversing Common Pleas and remand the case to it for consideration of appellee's other issues.

On October 15, 1980, the Harrisburg Police Department, through a confidential informant, made a controlled buy of heroin in Room 21 of the Econo Motel in Harrisburg. The informant used marked bills and immediately turned the purchased contraband over to the police. The room was registered to Mr. and Mrs. George Carroll. The only occu-

pants of the room were George Carroll, his wife Sally McLaughlin Carroll (a/k/a Ikey) and his teenage stepdaughter. A warrant was obtained to search the room; it was executed on October 16.

In Room 21, the officers found 680 milligrams of heroin, approximately seven street doses, in the pocket of a pair of woman's jeans. The jeans were found in a laundry bag lying next to one of the beds. The occupants claimed that the jeans belonged to a friend of the daughter. The heroin was wrapped in a three year old rent receipt made out to appellee's wife in her maiden name. The officers also found a twenty dollar bill used in the controlled buy in appellee's pants and a hypodermic syringe and a bottle cap "cooker" underneath the plastic liner of the bathroom trash can.[1] All occupants denied knowledge of the drugs and denied that they were drug users.[2] Appellee was found guilty of possession with intent to distribute in Dauphin County Common Pleas. Post-trial motions were timely filed and denied. He was sentenced to two and one-half to five years in prison.

On appeal, Superior Court reversed holding that the evidence presented was not sufficient to establish constructive possession because it did not show intent to control. *Commonwealth v. Carroll*, 334 Pa.Superior Ct. 198, 482 A.2d 1292 (1984).

When reviewing for sufficiency of the evidence, an appellate court may not substitute its judgment for the jury's. *Commonwealth v. Bachert*, 499 Pa. 398, 453 A.2d 931 (1982), *cert. denied*, 460 U.S. 1043, 103 S.Ct. 1440, 75 L.Ed.2d 797 (1983). It must view the evidence in the light most favorable to the verdict winner, here the Commonwealth, and draw all the reasonable inferences that evidence permits in favor of the verdict winner. *Commonwealth v. Lovette*, 498 Pa. 665, 450 A.2d 975 (1982), *cert. denied*, 459 U.S. 1178, 103 S.Ct. 830, 74 L.Ed.2d 1025 (1983).

1.  Heroin residue was found in the "cooker," but the syringe was clean.

2.  Appellee's wife was, however, undergoing methadone treatments at the time of the arrest.

The Commonwealth could not establish actual possession; its case relied upon constructive possession. Constructive possession is a somewhat vague and esoteric concept. "The purpose of the constructive possession doctrine is to expand the scope of possession statutes to encompass those cases where actual possession at the time of arrest cannot be shown but where the inference that there has been actual possession is strong." Whitebread and Stevens, *To Have and To Have Not*, 58 U.Va.L.Rev. 751, 755 (1972). We have held that constructive possession exists if an individual has "conscious dominion" over the illegal property. *Commonwealth v. Chenet*, 473 Pa. 181, 373 A.2d 1107 (1977); *Commonwealth v. Davis*, 444 Pa. 11, 280 A.2d 119 (1971). Constructive possession by its nature is not amenable to "bright line" tests. We have held, therefore, that it may be established by the totality of the circumstances. *Commonwealth v. Macolino*, 503 Pa. 201, 469 A.2d 132 (1983); *Commonwealth v. Fortune*, 456 Pa. 365, 318 A.2d 327 (1974). In *Macolino*, we also held that constructive possession may be inferred if the contraband is located in an area under the joint exclusive control of the defendant and his spouse.

In our judgment, the instant case is controlled by *Macolino, supra.*[3] In that case, police officers entered the residence of Mr. and Mrs. Macolino. They found a large quantity of cocaine in their bedroom closet. A device for packaging cocaine, an electronic eavesdropping detector and drug books were also found in the bedroom. Several containers of Manitol, a cocaine cutting agent, were found in the attic. We held that joint control will not prevent a finding of constructive possession in one of the individuals and that the factfinder could have concluded that appellee exercised conscious dominion over the cocaine.

The material facts in this case match those in *Macolino*. A husband and wife had joint control of a residence, contraband was hidden in the sleeping area and other items

3. We note in passing that Superior Court did not cite *Macolino* in its opinion and apparently did not consider its application to these facts.

relating to drug traffic and use were found. On these facts, as in *Macolino,* a jury can find the conscious dominion from which constructive possession is inferred. Although the family's rented motel room in this case poses a factual distinction with the more permanent residence involved in *Macolino,* we think the effect of that distinction, as part of the total circumstances, is for the jury to determine. The evidence here is sufficient to support its verdict that appellee was guilty of possession of a controlled substance with intent to deliver.

Therefore, the order of Superior Court is vacated and the record remanded to Superior Court for consideration of appellee's other claims.

ZAPPALA, J., files a dissenting opinion.

ZAPPALA, Justice, dissenting.

I dissent. As in *Commonwealth v. Mudrick,* 510 Pa. 305, 507 A.2d 1212 (1986), the majority errs through imprecise application of precise language. The majority states that "[i]n *Macolino,* we also held that constructive possession *may* be inferred if the contraband is located in an area under the joint exclusive control of the defendant and his spouse." Slip opinion at 4 (emphasis added). This language from *Commonwealth v. Macolino,* 503 Pa. 201, 469 A.2d 132 (1983) does not mean, as the majority has it, that proof of joint exclusive control of an area is sufficient to prove constructive possession. It means only that the inference is not prohibited under the circumstances, not that the inference follows from those circumstances. As I noted in my dissenting opinion in *Mudrick,* we were careful in *Macolino* to weigh "other evidence sufficient to establish a link between" the defendant and the contraband along with the evidence of joint control. In the absence of such other evidence tending to prove intent to control the contraband, I cannot agree that the Commonwealth has met its burden of proving all material elements of the offense charged beyond

a reasonable doubt. Accordingly I would affirm the Order of the Superior Court.