BECKER, Circuit Judge,
dissenting.
The term “constructive possession” has a precise legal meaning, which does not differ between federal and state (here Pennsylvania) law. To constructively possess a controlled substance one must have conscious dominion or control over it, and intend to exercise that dominion or control. United States v. Jenkins, 90 F.3d 814, 817-18 (3d. Cir.1996); United States v. Brown, 3 F.3d 673, 680 (3d Cir.1993); Commonwealth v. Mudrick, 510 Pa. 305, 507 A.2d 1212, 1213 (1986); Commonwealth v. Carroll, 510 Pa. 299, 507 A.2d 819, 820-21 (1986); Commonwealth v. Macolino, 503 Pa. 201, 469 A.2d 132, 134 (1983). In my view, the evidence in this case will not, as a matter of due process, see Jackson v. Virginia, 443 U.S. 307, 99 S.Ct. 2781, 61 L.Ed.2d 560 (1979), support the conviction of Christine Jackson for constructive possession of the cocaine contained within the ice chest in her brother’s room. I therefore dissent. I turn first to an analysis of the record, and then to the legal issues.
I.
A.
The linchpin of the majority opinion is its conclusion that Jackson, because she was the lessee of the apartment, had access to and control of all areas of the apartment, including the rear bedroom used by her brother, and hence of the ice chest and the cocaine. In my view, this conclusion is supported by neither the law nor the facts.
The Commonwealth has cited no case establishing, as a matter of real property law or otherwise, that a lessee can enter, his or her sublessee’s room at will. Nor does the record suggest such entry or access as a matter of fact, only the contrary. Finally, and most importantly, there is nothing in the *151 record that reflects a conscious intention by Jackson to exercise dominion or control over the bedroom or the drugs, or from which such an intention could be inferred.
The state trial judge made much of the fact that the ice chest “belonged” to Jackson, but the uncontradieted evidence is that she had discarded it when she got a refrigerator and did not know that her brother was using it to store drugs. Although the police found the door to her brother’s room unlocked (Jackson had always thought that it was locked), there is no evidence that she was ever in the room, much less knew what its contents were. None of Jackson’s possessions was found in her brother’s bedroom, nor were her fingerprints detected on any of the drugs or other items seized.
There was, to.be sure, some drug paraphernalia and a shotgun in a common area of the apartment. But shotguns are not the weapon of choice among drug dealers, and thus cannot inherently support an inference of drug possession. And the drug paraphernalia, even if Jackson knew about it, is simply not enough to link Jackson to the cocaine in her brother’s room or to any kind of drug dealing, given the absence of other inculpato-ry facts. And it surely does not supply evidence of conscious dominion or control. Indeed, while the drug paraphernalia in the kitchen cabinet and closet may logically demonstrate that Jackson’s brother had dominion and control over the common areas of the apartment, it does not suggest that Jackson had dominion or control over the bedroom which, on this record, was subject to her brother’s exclusive, private use.
B.
The case that the majority puts most stock in, and on which its position essentially stands or falls, is Commonwealth v. Aviles, 419 Pa.Super. 345, 615 A.2d 398 (1992) (in banc), cert. denied, — U.S. —, 115 S.Ct. 78, 130 L.Ed.2d 32 (1994). I find Aviles of little value. Aviles was a 5-4 decision of an intermediate appellate court (which is not entitled to deference, but only to weight if it is persuasive, which, I think, it is not). It was not cited in either the majority or the dissenting opinion of the Pennsylvania Supreme Court in this case.[1] I note in this regard that Jackson’s conviction was affirmed by the Pennsylvania Supreme Court in a 3-3 vote. Justice Zappala’s forceful dissent, which articulates the same concerns that I express herein, was joined by Justice Cappy and (now Chief) Justice Flaherty, so that of the current Pennsylvania Supreme Court Justices, the vote was 3-2 in favor of Jackson. I do not believe that Aviles would be approved by Pennsylvania’s present high court.
It seems clear to me that under our jurisprudence, see, e.g., United States v. Jenkins, 90 F.3d 814 (3d Cir.1996), and United States v. Brown, 3 F.3d 673 (3d Cir.1993), the evidence against Jackson would be insufficient to sustain a conviction based on constructive possession. The facts in Brown are similar to the facts in Jackson’s case: acting on a tip, the police searched Brown’s home for drugs. During the search, Ama Baltimore arrived at the house, inserted a key into the lock, and was arrested as she entered. She protested, “But you can’t arrest me because I am in my own house.” In the upstairs sewing room, the police found a pair of shorts and a switchblade, both of which Baltimore admitted were hers. Large quantities of heroin, cocaine powder, and crack cocaine were found in the refrigerator in the kitchen, the kitchen closet, and one of the upstairs bedrooms. Equipment and supplies to prepare, cook, cut, and distribute the drugs were also found in the bedroom.
This Court overturned Baltimore’s conviction for insufficient evidence of possession, holding that, although the evidence showed that she had access to, or resided in the house and knew of the presence of the drugs, it did not, without more, establish that she had conscious dominion or control over the drugs. Brown, 3 F.3d at 682-83. “[M]ere proximity to the drug or mere presence on the property where it is located or mere association with the person who does control the drug or the property, is insufficient to support a finding of possession.” Id. at 680 (citing United States v. Davis, 461 F.2d 1026, 1036 (3d Cir.1972)).
*152 We further noted that neither Baltimore,, nor any of her possessions, were found in any of the rooms where the drugs were seized, none of her fingerprints was found on any of the drugs or drug paraphernalia, and there was no other evidénce that she ever exerted any control over the drugs or drug paraphernalia. Id. at 683. The facts in Brown, we believed, supported the conclusion that she had access to or resided at the residence, but not that she exercised control over the drugs. Id. at 682.
Similarly, in the instant case, aside from the tenuous link sought to be drawn from the discarded ice chest and drug paraphernalia, nothing in the record supports a finding of constructive possession. As stated previously, none of Jackson’s possessions was found in her brother’s bedroom, nor were her fingerprints detected on any of the drugs or Other items seized. In fact, the evidence in Jackson’s case is merely consistent with her access to or residence at the apartment, but with no control over the drugs. See Brown, 3 F.3d at 681 (concluding that while the evidence may be sufficient to show that Baltimore was residing at the home and knew that the drugs were in the house, the evidence did not support a finding that she exercised dominion Or control over the drugs). Hence, I disagree with the majority’s position that the facts in Jackson’s case meet the federal constructive possession standard.
II.
Although it does not expressly so hold, the majority nonetheless seems to intimate that the legal sufficiency standard on habeas corpus is somehow different (and diluted) when a state rather than federal conviction is at issue. The majority explicitly disclaims such a holding, suggesting that it would apply a unitary standard:
In these circumstances, we have no need to consider whether there is a range of constructive possession cases in which on the same facts we would reverse convictions under federal law but would deny habeas corpus petitions challenging confinement following state convictions. See Brwmley, 83 F.3d 856; Chalmers, 73 F.3d 1262. In principle, arguably there could be such a group of eases, as the distinction simply would reflect differences in the definition of what conduct constituted constructive possession under state and federal law. Cf. Zettlemoyer, 923 F.2d at 291 (In a habeas corpus proceeding following a state conviction “we do not exercise the supervisory power that we might possess on an appeal from a conviction in the district court.”).
I applaud the disclaimer, but find it elusive and unconvincing. I draw this conclusion because if a unitary standard is, in fact, being imposed, the majority has strayed from (or diluted) the federal cases. I think it important to make clear in this regard that, for the Jackson v. Virginia analysis, there can be no difference in the definition of what conduct constitutes constructive possession.
As previously noted, Pennsylvania’s definition of “constructive possession” is identical to the federal definition. While it is true that federal courts have sometimes deferred to states and their interpretations of what constitutes sufficient evidence to convict on state crimes, see Brumley v. Detella, 83 F.3d 856 (7th Cir.1996); Moore v. Deputy Commissioner of SCI-Huntingdpn, 946 F.2d 236 (3d Cir.1991), these were instances in which the federal courts looked strictly at state law because there was no analogous federal statute. But see Chalmers v. Mitchell, 73 F.3d 1262 (2d Cir.1996). Jackson’s appeal, however, is distinguishable since, in addition to state law, federal case law has also defined and interpreted constructive possession.
As stated above, I believe that the evidence in Jackson’s case is insufficient to meet the federal and state definitions of constructive possession. But even if Pennsylvania’s standard for constructive possession were lower (which it is not), it would be incorrect and manifestly unjust for the disposition of Jackson’s appeal to differ depending on the forum, state or federal, because evidence that fails to meet federal due process standards in a federal forum should be insufficient to meet the guarantees of federal due process in a state court. In other words, regardless of the forum in which the case is heard, the standard, for satisfying federal due process should be uniform. This is especially true in light of the fact that the federal and state statutes for possession of drugs are similar, *153 the definitions of constructive possession are identical, and the (federal) Jackson v. Virginia, 443 U.S. 307, 99 S.Ct. 2781, 61 L.Ed.2d 560 (1979), standard for reviewing sufficiency of the evidence is perforce the overarching standard. I also note, moreover, that the standard of review for sufficiency of the evidence in Pennsylvania is identical to the federal Jackson v. Virginia standard. Evans v. Court of Common Pleas, 959 F.2d 1227, 1232 (3d Cir.1992).
III.
Because there is an absence of facts justifying an inference that Jackson had conscious dominion or control over the contraband, or that she intended to exercise that dominion or control, as a matter of due process this conviction should not stand. Accordingly, I would reverse the district court’s denial of habeas corpus relief.
Before SLOVITER, Chief Judge, and BECKER, STAPLETON, MANSMANN, GREENBERG, SCIRICA, COWEN, NYGAARD, ALITO, ROTH, LEWIS, and McKEE, Circuit Judges.

. It is also not even cited by the Commonwealth in its present brief.