## Commonwealth v. Hawkins

---

C.P. of Lawrence County, no. 442 of 2010.

*Kathleen Fee-Baird,* for Commonwealth
*William M. Panella,* for defendant.

COX, *J.,* March 2, 2011—Before the court for disposition is the omnibus motion filed on behalf of the defendant Terrance De-Vaughn Hawkins, which consists of a petition for writ of habeas corpus alleging that the Commonwealth has failed to present sufficient evidence

that the defendant was in possession of a firearm. It also contains a motion for suppression of evidence contending that the police officers lacked probable cause or consent to search the vehicle where a firearm was discovered.

On April 21, 2010, Officer Terry J. Dolquist of the New Castle Police Department was driving northbound while patrolling the 500 block of Locust Street, New Castle, Lawrence County, Pennsylvania. He observed a silver Chevrolet Impala with two individuals occupying the vehicle and another individual standing near the driver's door window. The person standing outside of the vehicle was identified as Sanford Jackson and the driver was later identified as Jay Prowell. Officer Dolquist recognized the individual in the passenger seat as the defendant because his picture was posted on the bulletin board at the police station as he was wanted for escaping from a halfway house. As Officer Dolquist approached the vehicle, the defendant looked up, saw the police officer and quickly lowered his head to hide his face behind the brim of his hat. Officer Dolquist drove past the vehicle because there were three individuals in the vicinity. He parked in a location where he could still observe the silver Impala and called for assistance. Subsequently, Sergeant Shawn Lough, Officer Fred Buswell and Officer Jamie Bucker of the New Castle Police Department arrived. At that time, all of the officers exited their vehicles with their weapons drawn in response to reports that the defendant was in possession of a firearm. The defendant was the only remaining occupant as the driver already exited the vehicle when the officers approached. Officer Dolquist demanded that the defendant place his hands within view of the police officers, which he did after a significant delay. Sergeant Lough ordered the defendant to exit the vehicle

and he complied. However, as he was exiting the vehicle, Sergeant Lough observed a firearm between the passenger seat and the door. He quickly informed the other officers of the presence of the firearm. Eventually, the firearm was seized by Sergeant Lough and identified as a silver Ruger .357 magnum, which was loaded.

The defendant was arrested and Officer Dolquist received a copy of his prior criminal record which indicated he had a previous felony conviction for voluntary manslaughter. The officer then charged the defendant with possession of firearm prohibited[1], firearms not to be carried without a license[2] and prohibited offensive weapons[3]. Now, the defendant contends that the Commonwealth has failed to present sufficient evidence to establish a prima facie case that the defendant was in possession of a firearm.

A petition for writ of habeas corpus is the proper means for testing a pre-trial finding that the Commonwealth has sufficient evidence to establish a prima facie case. *Commonwealth v. Karlson*, 674 A.2d 249 (Pa. Super. 1996). In evaluating an accused's entitlement to pre-trial habeas corpus relief, a trial court must determine whether there is sufficient evidence to establish a prima facie case that the defendant committed the crime with which he or she is charged. *Commonwealth v. Hock*, 556 Pa. 409, 728 A.2d 943 (1999). The Commonwealth has the burden of establishing a prima facie case, offering some proof to establish each material element of the offense as charged. *Commonwealth v. Owen*, 580 A.2d 412 (Pa. Super. 1990). This does not mean that the prosecution must prove the

---

1. 18 Pa.C.S.A. § 6105(a)(1).
2. 18 Pa.C.S.A. § 6106(a)(1).
3. 18 Pa.C.S.A. § 908(a).

accused guilty beyond a reasonable doubt, but rather, the prosecution must establish "sufficient probable cause" that the accused has committed the offense. *Commonwealth v. Prosdocimo*, 479 A.2d 1073(Pa. Super. 1994).

The standard in determining whether a defendant is properly held for court is: (a) that the record reveals a prima facie showing that a crime or crimes have been committed; and (b) that the defendant was in some way legally responsible. *Liciaqa v. Court of Common Pleas of Lehigh County*, 523 Pa. 258, 566 A.2d 246 (1989). A prima facie case consists of evidence, read in the light most favorable to the Commonwealth, that sufficiently establishes both the commission of a crime and that the accused is probably the perpetrator of that crime. *Commonwealth v. Fountain*, 811 A.2d 24 (Pa. Super. 2002). The Commonwealth establishes a prima facie case when it produces evidence that, if accepted as true, would warrant the trial judge to allow the case to go to the jury. *Commonwealth v. Marti*, 779 A.2d 1177 (Pa. Super. 2001). The weight and credibility of the evidence is not a factor at this stage, the Commonwealth need only demonstrate sufficient probable cause to believe the person charged has committed the offense. *Id.*

The defendant is charged with possession of firearm prohibited, firearms not to be carried without a license and prohibited offensive weapons, which may be supported by a finding that the defendant was in constructive possession of a firearm. *Commonwealth v. Gutierrez*, 969 A.2d 584, 590 (Pa. Super. 2009) (citing *Commonwealth v. Heidler,* 741 A.2d 213, 215 (Pa. Super. 1999)); *Commonwealth v. Calvert*, 396 A.2d 714, 716 (Pa. Super. 1978). "In order to prove that a defendant had constructive possession of a prohibited item, the Commonwealth must establish that

the defendant had both the ability to consciously exercise control over it as well as the intent to exercise such control." *Gutierrez*, 969 A.2d at 590 (citing *Commonwealth v. Sanes*, 955 A.2d 369 (Pa. Super. 2008)). Constructive possession is found when the defendant is not in actual possession of the firearm, but has conscious dominion over it. *Commonwealth v. Heidler*, 741 A.2d 213, 215-216 (Pa. Super. 1999) (citing *Commonwealth v. Carroll*, 510 Pa. 299, 507 A.2d 819 (1986)). "Conscious dominion" means that "the Commonwealth must present evidence to show that the defendant had *both* the power to control the firearm and the intent to exercise such control." *Id.*, 741 A.2d at 216 (emphasis supplied) (citing *Commonwealth v. Gladden*, 665 A.2d 1201, 1206 (Pa. Super. 1995); *Commonwealth v. Magwood*, 538 A.2d 908, 909-910 (Pa. Super. 1988)). The Commonwealth may also establish that the defendant had joint constructive possession of the firearm by proving that the defendant had both power to control and the intent to control the firearm. *Heidler*, 741 A.2d at 216 (citing *Magwood*, supra.). "Constructive possession is a legal fiction, a pragmatic construct to deal with the realities of criminal law enforcement. Constructive possession is an inference arising from a set of facts that possession of the contraband was more likely than not." *Commonwealth v. Spencer*, 621 A.2d 153, 154-155 (Pa. Super. 1993). Constructive possession is established when the Commonwealth shows that the defendant had both the intent and the ability to control the item. *Commonwealth v. Nelson*, 582 A.2d 1115, 1119 (Pa. Super. 1990) (citations omitted). Circumstantial evidence may be used to establish that a defendant had constructive possession of the contraband. *Id.* (citing *Commonwealth v. Carter*, 450 A.2d 142, 144 (Pa. Super. 1982)).

In *Commonwealth v. Carter*, 450 A.2d 142 (Pa. Super. 1982), the appellant was convicted of possession of an instrument of crime, possession of a firearm without a license and conspiracy to possess an instrument of crime. The court held that the Commonwealth presented sufficient evidence that the appellant had constructive possession of a firearm where the firearm was found on the floor of a vehicle within view of the appellant. However, it overturned the appellant's conviction for conspiracy because there was no evidence that the appellant conspired with others to commit a crime. In *Carter*, a police officer was making a routine patrol of a super market which was open 24 hours a day when he observed a brown Ford LTD with New Jersey license plates. The vehicle was driving slowly in front of the store. He was able to observe five people inside of the vehicle. The officer began following the vehicle through a residential area and the appellant, while at a traffic light, switched places with the driver. The vehicle then began driving at an increased rate of speed of 50 miles per hour. At that time, the police officer continued to follow the vehicle, called for assistance in conducting a traffic stop and a detective responded to the call. Eventually, the police officers were able to stop the vehicle. The detective then approached the vehicle and noticed the appellant slumping down in the seat so that only his head was visible. The detective then demanded that the appellant place his hands on the vehicle's windshield, which he initially refused to do. Shortly thereafter, the appellant placed his hands on the windshield and complied with the detective's request to turn off the vehicle's engine. The appellant was also ordered to exit the vehicle, which he did and left the driver's side door ajar. The detective peered inside of the vehicle and observed a .22 caliber pistol on the floor underneath the driver's seat. The other

police officer then ordered the remaining occupants to exit the vehicle and they complied. Additionally, the police officers discovered a .38 caliber pistol near the area where another individual was seated. The defendant argued that the Commonwealth failed to present sufficient evidence to support a verdict of guilty.

The court noted that constructive possession can be proven by circumstantial evidence. *Id.*, 450 A.2d at 147. "Individually, the circumstances may not be decisive; but, in combination, they may justify an inference that the accused had both the power to control and the intent to exercise that control, which is required to prove constructive possession." *Id.* (quoting *Commonwealth v. DeCampli*, 364 A.2d 454, 456 (Pa. Super. 1976)). The *Carter* court determined that it was permissible to infer that the appellant was aware of the firearm as it was within the area of his immediate control. *Id.* 450 A.2d at 147. The court referenced the fact that no other occupant of the vehicle had the opportunity between the stop and the discovery of the firearm to place it on the floor. *Id.* Additionally, the *Carter* court took into account the appellant's behavior after the car was stopped, which included reaching toward the floor and failing to respond to the detective's directions to place his hands on the windshield. *Id.* Hence, the court ruled that "while the evidence and reasonable inferences therefrom were sufficient to permit the fact finder to conclude that the appellant had been in constructive possession of the gun, there was no evidence that a conspiracy to possess the gun had existed with other occupants of the car." *Id.*, 450 A.2d at 149.

In the case sub judice, Officer Dolquist observed a silver Chevrolet Impala with two occupants and an individual standing outside by the driver's door of the

vehicle. The officer quickly recognized the passenger of the vehicle as the defendant, who was wanted for escaping from a halfway house. Upon seeing the police officer, the defendant lowered his head to hide his face behind the brim of his hat. Officer Dolquist parked his vehicle in a location to observe the Impala, called for assistance and waited for other police officers to arrive. Shortly thereafter, the other police officers arrived and they approached the vehicle with their guns drawn. Officer Dolquist repeatedly ordered the defendant to place his hands within view of the police officers, which he did after a delay. The defendant was the only remaining occupant as the driver already exited the vehicle. Eventually, the police officers ordered the defendant to exit the vehicle, which he did. As the defendant exited the vehicle, Sergeant Lough peered through the open door and observed a silver Ruger .357 magnum between the front passenger seat, where the defendant was seated, and the door.

In *Carter*, the court determined the Commonwealth presented sufficient circumstantial evidence that the appellant was in possession of a firearm as it was within the area of immediate control of the appellant and there was no opportunity between the stop and discovery of the firearm for another individual to place it in that location. Similarly, the firearm in this case was discovered between the passenger seat and the door of the vehicle in an area that was within the immediate control of the defendant. Additionally, the only other occupant of the vehicle was the driver, Jay Prowell, who could not have placed the firearm in that location without the police officers noticing him doing so. After considering all of these facts, it is apparent that the Commonwealth has presented sufficient evidence that the defendant was in constructive possession of the

silver Ruger .357 magnum discovered in the vehicle.

It must be noted that the defendant also contends that the police officers did not have consent or probable cause to search the vehicle. "It is well established that when an officer sees contraband or other objects in plain view and has not intruded into a constitutionally protected area, his observation is not a search within the meaning of the fourth amendment." *Commonwealth v. Weimer*, 396 A.2d 649, 651 (Pa. Super. 1978) (citing *Commonwealth v. Murray*, 460 Pa. 53, 331 A.2d 414 (1975); *Commonwealth v. Cooper*, 362 A.2d 1041 (Pa. Super. 1976); *Commonwealth v. Getz*, 344 A.2d 686 (Pa. Super. 1975); *Commonwealth v. Adams,* 341 A.2d 206 (Pa.Super. 1975)). In order for the plain view exception to apply the following factors must exist: (1) the incriminating nature of the object is immediately apparent to the police officer, (2) the police officer viewed the object from a lawful vantage point and (3) the police officer must have lawful right of access to the object itself. *Commonwealth v. Petroll*, 558 Pa. 565, 738 A.2d 993 (1999) (citing *Commonwealth v. Ellis*, 541 Pa. 285, 297, 662 A.2d 1043, 1049 (1995)); *Commonwealth v. Graham*, 554 Pa. 472, 721 A.2d 1075 (1998) (citing *Commonwealth v. McCullum,* 529 Pa. 117, 132, 602 A.2d 313, 320 (1992)).

In the current matter, the police officers were lawfully at the scene in order to arrest the defendant because he was wanted for escaping from a halfway house. In the process of arresting the defendant, Sergeant Lough asked him to exit the vehicle. As the defendant began exiting the vehicle, he opened the door which exposed the firearm, which was observed by Sergeant Lough. It is apparent that Sergeant Lough had a lawful vantage point when he observed the firearm as he was standing outside of the vehicle. The

illegal nature of the weapon was apparent as the officers were aware that the defendant escaped from a halfway house and he was not permitted to possess a firearm at that time. Moreover, the police officers had the right to access the object as the defendant, not the police officers, opened the door to the vehicle which exposed the weapon and the police officers had to secure the firearm for their own protection. Therefore, the police officers lawfully seized the firearm utilizing the plain view doctrine.

For the reasons set forth in this opinion, the defendant's omnibus motion is denied in its entirety.

## ORDER OF COURT

And now, March 2, 2011, this case being before the court on January 4, 2011, for a hearing on the omnibus motion filed by the defendant, which contains a motion for writ of habeas corpus and a motion for suppression of evidence, with both parties appearing, the Commonwealth of Pennsylvania, represented by counsel, Kathleen Fee-Baird, Esquire, Assistant District Attorney for the County of Lawrence and the defendant, Terrance De-Vaughn Hawkins, represented by counsel, William M. Panella, Esquire and after a hearing held and the defendant having filed a memorandum of law, the court enters the following order and it is hereby ordered, adjudged and decreed as follows:

1. The omnibus motion in the nature of a motion for writ of habeas corpus and a motion for suppression of evidence is hereby denied in its entirety in accordance with the attached opinion.

2. The defendant shall be listed for the March 2011 Criminal Jury Trial Term.

3. The clerk of courts is directed to serve a copy of this order of court upon counsel of record, Kathleen Fee-Baird, Esquire and William M. Panella, Esquire.