J-S35042-22

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
|---|---|---|
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| AARON GLENN WOODBURY | : | |
| | : | |
| Appellant | : | No. 560 MDA 2022 |

Appeal from the Judgment of Sentence Entered December 9, 2020
In the Court of Common Pleas of Tioga County Criminal Division at No(s):  CP-59-CR-0000200-2019

BEFORE:   BENDER, P.J.E., McLAUGHLIN, J., and STEVENS, P.J.E.[*]

MEMORANDUM BY STEVENS, P.J.E.:                    **FILED: DECEMBER 1, 2022**

Appellant, Aaron Glenn Woodbury, appeals from the judgment of sentence entered in the Court of Common Pleas of Tioga County after a jury convicted him of one count of Persons Not to Possess a Firearm.[1]   After careful review, we affirm.

On March 27, 2019, Appellant was charged with the above-referenced crime after his fiancée, Amy Wolff, had reported a domestic dispute between the two and accused him of possibly removing a firearm from the home without permission and otherwise storing firearms in a bedroom clothes closet over which he maintained exclusive control.   The trial court opinion aptly develops the pertinent facts and procedural history that followed:

---

[*] Former Justice specially assigned to the Superior Court.

[1] 18 Pa.C.S. § 6105(a)(1).

At the time of trial, the defense stipulated that Appellant was a person who had a record that qualified him as a person not to possess a firearm. The sole issue on the single count, therefore, was whether Appellant possessed the firearm.

At trial, the uncontroverted testimony established that Pennsylvania State Police Trooper, Michael Adams, responded to a domestic dispute in which a firearm was reportedly stolen. This report came through Amy Wolff . . . . Ms. Wolfe and Appellant reside together, both sharing the same bedroom. The trooper took the report [and] canvassed the area, but was unable to locate [Appellant].

The following day, March 28, 2019, Trooper Matt Smith and Trooper Terri Seal proceeded to the house for a follow-up interview with Ms. Wolff. Following a conversation with her at the home, they were lead [sic] to the master bedroom where they observed handguns and long guns in a closet.

The testimony established the room was the master bedroom which is occupied by Ms. Wolff and [Appellant]. In the bedroom were two closets, one containing female clothing and one containing male clothing. Ms. Wolff reported that the closet containing the male clothing was used exclusively by Appellant.

Inside the closet the troopers observed five firearms. At their instruction, the firearms were removed from the closet to the bed where they were inventoried and confiscated by the Pennsylvania State Police. All of this was done with the consent of Ms. Wolff.

Ms. Wolff['s testimony was] that the closet was under the exclusive domain of Appellant and that the firearms had been stored in that closet for some time. N.T., 9/30/2021, at 54-55.

Trial Court Opinion, 6/7/2022, at 1-2.

At the conclusion of trial, the jury returned a verdict of guilty on the single count of persons not to possess. After the trial court denied Appellant's post-trial motion, this timely appeal followed.

Herein, Appellant has filed a counseled brief presenting the four questions he initially raised in his Pa.R.A.P. 1925(b) concise statement of matters complained of on appeal.  Specifically, Appellant asks:

1. Whether the verdict was against the weight of the evidence as to shock the conscience as Mr. Woodbury was incarcerated when the weapons were found laid out on a bed in the master bedroom by his paramour who he was involved in a domestic incident with and did not testify at trial.

2. Whether the evidence presented [ ] insufficient to establish the elements of the charges for the same reasons as stated above.

3. Whether the [trial court] erred in providing its own definition of possession rather than strictly what the Pennsylvania Standard jury instructions provide.

4. Whether the [trial court] erred in determining a key witness, Amy Wolff, was unavailable at the time of trial to testify and thus allowed her prior under oath statements to be admitted and read on the record at trial.

Brief of Appellant, at 8.

In Appellant's first two issues, he relies on the same evidence to challenge the weight and the sufficiency of the evidence, respectively. Preliminarily, we note that "[a] challenge to the weight of the evidence is distinct from a challenge to the sufficiency of the evidence[. T]he former concedes that the Commonwealth has produced sufficient evidence of each element of the crime, but questions which evidence is to be believed." *See Commonwealth v. Kinney*, 157 A.3d 968, 971 (Pa. Super. 2017) (citation omitted).

- 3 -

Appellant claims first that the verdict was against the weight of the evidence. This Court's standard of review of a weight of the evidence claim is well-settled:

> A weight of the evidence claim concedes that the evidence is sufficient to sustain the verdict, but seeks a new trial on the ground that the evidence was so one-sided or so weighted in favor of acquittal that a guilty verdict shocks one's sense of justice. On review, an appellate court does not substitute its judgment for the finder of fact and consider the underlying question of whether the verdict is against the weight of the evidence, but, rather, determines only whether the trial court abused its discretion in making its determination.

*Commonwealth v. Lyons*, 79 A.3d 1053, 1067 (Pa. 2013) (citations omitted).

A trial court will not grant a new trial because of a mere conflict in the testimony. *Commonwealth v. Mucci*, 143 A.3d 399, 410 (Pa. Super. 2016) (citation omitted). Further, the jury, as fact finder, is free to believe all, some, or none or the evidence presented. *Commonwealth v. Jacoby*, 170 A.3d 1065, 1078 (Pa. 2017) (citations omitted). The jury is also free to "resolve any inconsistencies or discrepancies in the testimony in either party's favor." *Id.*

> This Court will not find an abuse of discretion
> based on a mere error of judgment, but rather ... where the [trial] court has reached a conclusion which overrides or misapplies the law, or where the judgment exercised is manifestly unreasonable, or the result of partiality, prejudice, bias or ill-will. Importantly, [this C]ourt should not find that a trial court abused its discretion merely because [we] disagree[ ] with the trial court's conclusion. Indeed, "when reviewing the trial court's exercise of discretion, it is improper for [this C]ourt to 'step[ ] into the shoes' of the trial judge and review the

- 4 -

evidence *de novo.*" In other words, [this C]ourt "may not disturb a trial court's discretionary ruling by substituting its own judgment for that of the trial court."

***Commonwealth v. Gill***, 206 A.3d 459, 467 (Pa. 2019) (citations and some quotation marks omitted).

We agree with the trial court that Appellant's challenges to the weight of the evidence are without merit. The crux of Appellant's position is that the chief witness against him, his fiancée Amy Wolff, had motive to report falsely to authorities that he may be in unlawful possession of a firearm because she was angry that he had relapsed and caused a domestic disturbance prior to the 9-1-1 call. Also weighing against the allegation that he possessed the firearms located in his closet, he continues, was evidence that the firearms were registered to either Ms. Wolff or her father, not to him. Appellant's brief contains no additional argument or citation to pertinent authority to develop his claim further.

The Commonwealth responds that the jury was free to believe all, some, or none of Ms. Wolff's preliminary hearing testimony read into evidence that Appellant, alone, stored and controlled the guns found in his bedroom closet. The jury also heard investigating Pennsylvania State Police Trooper Michael Adams testify that Ms. Wolff led him to the couple's master bedroom to show him Appellant's clothes closet, which, the trooper observed, contained only men's clothing and soft gun case containing the firearms in question.

Given such testimony, which the jury reasonably believed, the trial court's rejection of Appellant's post-trial motion challenging the weight of the evidence does not shock the conscience. Accordingly, we find Appellant's first issue to be without merit.

In Appellant's second issue, he challenges the sufficiency of the evidence offered to prove the charge of persons not to possess a firearm.

For claims challenging the sufficiency of evidence, we employ a well-settled standard of review:

> The standard we apply in reviewing the sufficiency of the evidence is whether viewing all the evidence admitted at trial in the light most favorable to the verdict winner, there is sufficient evidence to enable the fact-finder to find every element of the crime beyond a reasonable doubt. In applying the above test, we may not weigh the evidence and substitute our judgment for the fact-finder. In addition, we note that the facts and circumstances established by the Commonwealth need not preclude every possibility of innocence. Any doubts regarding a defendant's guilt may be resolved by the fact-finder unless the evidence is so weak and inconclusive that as a matter of law no probability of fact may be drawn from the combined circumstances. The Commonwealth may sustain its burden of proving every element of the crime beyond a reasonable doubt by means of wholly circumstantial evidence.... Finally, the finder of fact while passing upon the credibility of witnesses and the weight of the evidence produced, is free to believe all, part or none of the evidence.

*Commonwealth v. Brockman*, 167 A.3d 29, 38 (Pa. Super. 2017) (citation omitted).

To sustain a conviction for persons not to possess a firearm, the Commonwealth must prove the defendant was a person not to possess a firearm[2] and that the defendant did "possess, use, control, sell transfer or manufacture a firearm." 18 Pa.C.S.A. § 6105. Herein, Appellant baldly argues he could not have possessed the firearms because he was incarcerated at the time Ms. Wolff showed the firearms to Trooper Adams, the firearms were registered to Ms. Wolff and her father alone, the firearms were found in a house he shared with others, and Ms. Wolff was an unreliable witness in the wake of the couple's domestic dispute.

Setting aside, again, Appellant's failure to develop this argument any further, we note that he mainly assails the jury's credibility determination in favor of Ms. Wolff despite "her bias at the time of the incident." Brief for Appellant, at 17. Specifically, Ms. Wolff testified that Appellant maintained exclusive control of his closet and the firearms contained therein, and Trooper Adams confirmed that the closet in question contained only men's clothing and a soft gun case containing firearms. N.T., 9/30/20, at 29-30.

However, it is well-established that challenges to the credibility of a witness pertain to the weight given the testimony by the factfinder and not the sufficiency of the evidence. ***Commonwealth v. Samuel***, 102 A.3d

---

[2] We reiterate that Appellant stipulated at trial that he is a person not to possess firearms. Therefore, he does not challenge the persons not to possess element of the crime on appeal.

1001, 1005 (Pa. Super. 2014). "A sufficiency-of-the-evidence review ... does not include an assessment of the credibility of the testimony offered by the Commonwealth." *Commonwealth v. Wilson*, 825 A.2d 710, 713-14 (Pa. Super. 2003). Accordingly, we will not address Appellant's credibility claim in the context of this sufficiency challenge.

The remainder of Appellant's sufficiency challenge centers on the fact that the firearms were found not in his actual possession but in a master bedroom accessible by both Ms. Wolff and her daughter, who also owned and operated a firearm. As such, he maintains, the Commonwealth failed to prove he constructively possessed the firearms.

Constructive possession is "an inference arising from a set of facts that possession of the contraband was more likely than not." *Commonwealth v. McClellan*, 178 A.3d 874 (Pa. Super. 2018). It is a legal fiction which is defined as "conscious dominion, meaning that the defendant has the power to control the contraband and the intent to exercise that control." *See also Commonwealth v. Macolino*, 469 A.2d 132, 134 (Pa. 1983). *Commonwealth v. Parrish*, 191 A.3d 31, 36 (Pa. Super. 2018). Constructive possession may be established by circumstantial evidence and is viewed in the totality of the circumstances. *Id*. at 36-37.

Regarding the application of such concepts, the Pennsylvania Supreme Court has explained:

> Though these tests may be helpful and logical in the abstract, application to actual factual situations, particularly when multiple actors are involved, has proven difficult for our lower courts in

cases involving controlled substances located on premises in joint possession but not on the actual person of any of the parties entitled to occupy those premises.

To aid application, [our Supreme Court] ha[s] held that constructive possession may be established by the totality of the circumstances. **Commonwealth v. Fortune**, 318 A.2d 327 (Pa. 1974). [Our Supreme Court] took a further step toward resolving these problems in **Commonwealth v. Macolino**, **supra**. In **Macolino**, contraband and otherwise legal items used in the drug trade were found in the common bedroom of the Macolinos, a married couple. [The Supreme Court] held that "constructive possession can be found in one defendant when both the husband and wife have equal access to an area where the illegal substance or contraband is found." [**Macolino**,] 469 A.2d at 135. **See also Commonwealth v. Carroll**, 507 A.2d 819 (Pa. 1986).

. . .

[The Supreme Court held] that even absent a marital relationship constructive possession may be found in either or both actors if contraband is found in an area of joint control and equal access. The marital relationship *per se* was not critical to the **Macolino** analysis; shared access to and control of the area where the contraband was found was critical.

**Commonwealth v. Murdick**, 507 A.2d 1212, 1213–1214 (Pa. 1986).

Here, the Commonwealth presented evidence that the firearms in question were recovered by the state police in a closet that was under the exclusive dominion of Appellant for the several years he lived with Ms. Wolff and shared her master bedroom. Ms. Wolff's testimony to this effect was entered into evidence, and it was supported by Trooper Adams' observation that the closet in question contained only men's clothing, while the adjacent closet contained only women's clothing. Such evidence, therefore, permitted a jury to conclude reasonably that Appellant had, at a minimum, joint access

to and control over the firearms found in his closet. Accordingly, we discern no merit to Appellant's sufficiency claim.

In the third issue raised in Appellant's Rule 1925(b) statement and developed in his brief, he contends that the trial court erroneously responded to a jury question regarding the element of possession by providing its own definition rather than adhere to the Pennsylvania Standard Jury Instruction that it had delivered during its jury charge. Before addressing the merits of this argument, however, we must determine whether Appellant has waived it.

Pennsylvania Rule of Appellate Procedure 2119 requires parties to include in their briefs "discussion and citation of authorities as are deemed pertinent." **See** Pa.R.A.P. 2119(a). When "an appellate brief fails to provide any discussion of a claim with citation to relevant authority or fails to develop the issue in any other meaningful fashion capable of review, that claim is waived." **Commonwealth v. Johnson**, 985 A.2d 915, 924 (Pa. 2009) (citing, *inter alia*, Pa.R.A.P. 2119(a)); **see also Commonwealth v. Russell**, 209 A.3d 419, 429–30 (Pa. Super. 2019) (explaining that this Court will not make an appellant's arguments and finding waiver of an undeveloped claim).

Appellant fails to develop this claim with anything more than a suggestion that the court's additional remark "seems to imply that [Appellant] was in possession of the firearms rather than allowing the jury to form their [sic] own conclusion." Devoid of a properly developed legal

- 10 -

argument supported by pertinent legal authority, this claim as presented does not allow for meaningful appellate review. Accordingly, Appellant has waived this claim.

In Appellant's final issue, he contends that the trial court erroneously declared Ms. Wolff unavailable at the time of trial to testify and compounded such error by allowing her preliminary hearing testimony, offered under oath, to be admitted and read on the record at trial. His challenge in this regard appears two-pronged. First, he contends that Ms. Wolff was not "unavailable" as that term is understood in Pennsylvania Rule of Evidence ("Pa.R.E.") 804⁹. Second, he claims he was denied a full and fair opportunity to confer with his preliminary hearing counsel, which thus denied him effective cross-examination of Wolff at the hearing.

It is well-established that "[t]he admission of evidence is solely within the discretion of the trial court, and a trial court's evidentiary rulings will be reversed on appeal only upon an abuse of that discretion." **Commonwealth v. Le**, ––– Pa. ––––, 208 A.3d 960, 970 (Pa. 2019) (citing **Commonwealth v. Reid**, 627 Pa. 151, 99 A.3d 470, 493 (2014)).

Pa.R.E. 804 allows for the admission of prior testimony of an unavailable witness. A declarant is unavailable when he or she "is absent from the trial or hearing and the statement's proponent has not been able, by process or other reasonable means, to procure: (A) the declarant's attendance, in the case of a hearsay exception under Rule 804(b)(1) . . . ." Pa.R.E. 804(a)(5). Referenced Rule 804(b)(1) provides, relevantly, that the

declarant's former testimony given as a witness at a legal proceeding, such as a hearing, is admissible if now offered against a party who had an opportunity and similar motive to develop it by direct, cross-, or redirect examination. Pa.R.E. 804(b)(1)(A) and (B).

However, before the Commonwealth can introduce the prior testimony of an unavailable witness, the Commonwealth must first show that it made a good faith effort to try to produce the live testimony of the witness, yet, through no fault of its own, was prevented from doing so. *See Commonwealth v. Lebo*, 795 A.2d 987, 990 (Pa. Super. 2002). Whether the Commonwealth has demonstrated a good faith effort to procure the declarant's attendance at trial is a question of reasonableness. *Commonwealth v. Blair*, 331 A.2d 213, 215 (Pa. 1975) (holding that the rule "does not require that the Commonwealth establish that the witness has disappeared from the face of the earth; it demands that the Commonwealth make a good-faith effort to locate the witness and fail"). It is within the discretion of the trial court to determine what constitutes a good-faith effort to locate a missing witness, and the decision of the court will not be overturned absent an abuse of discretion. *Commonwealth v. Douglas*, 737 A.2d 1188, 1196 (Pa. 1999). *See also*, *Commonwealth v. Greene*,

unpublished memorandum decision, 264 A.3d 363 (Pa. Super. filed Sept. 10, 2021) (collecting cases).[3]

The sum of Appellant's Pa.R.E. 804(a)(5) argument consists of reciting the language of the rule and stating that because the warrant for Ms. Wolff was issued only on the morning of trial, the limited time in which to act on the warrant rendered erroneous the court's decision to declare her unavailable that same day. Because Appellant fails to develop a meaningful argument with citation to pertinent authority, we find this issue waived. **See Commonwealth v. Johnson**, 985 A.2d 915, 924 (Pa. 2009) ("[W]here an appellate brief fails to provide any discussion of a claim with citation to relevant authority or fails to develop the issue in any other meaningful fashion capable of review, that claim is waived.") (citation omitted), **cert. denied**, 562 U.S. 906 (2010); **see also Commonwealth v. Murchinson**, 899 A.2d 1159, 1160 (Pa. Super. 2006) (deeming appellant's claims waived under Pa.R.A.P. 2119(a) because he did not develop meaningful argument with specific references to relevant case law and to the record to support his claims); **Commonwealth v. Heilman**, 867 A.2d 542, 546 (Pa. Super. 2005) (recognizing that failure to provide "such discussion and citation of authorities as are deemed pertinent" may result in waiver);

---

[3] Under Pennsylvania Rule of Appellate Procedure 126(b), nonprecedential decisions (referring to unpublished memorandum decisions of the Superior Court) filed after May 1, 2019, may be cited for their persuasive value.

*Commonwealth v. Cornelius*, 856 A.2d 62, 77 (Pa. Super. 2004) (declining to review appellant's claim where there was limited explanation and development of the argument).

Even if we were to review his claim on the merits, the record establishes that the Commonwealth called its first witness after the jury had returned for lunch at 1:10 p.m. By that time, the bench warrant for Ms. Wolff had been in effect for over two hours, and the Tioga County Sheriff's Department reported that it had attempted to execute the warrant at Ms. Wolff's home, place of work, and other locations she was said to possibly frequent. N.T., 9/30/20, at 24-25. The trial court further observed that Ms. Wolff had maintained personal contact with the courthouse "very recently," when it was reiterated to her that she was to appear as a witness at the scheduled trial. N.T. at 25.

Given the Commonwealth's thorough efforts to locate Wolff, coupled with the trial court's own understanding that she had testified at the preliminary hearing in Appellant's presence and was very recently at the courthouse in connection with the case and told to appear at trial, the trial court found that her failure to appear was both unexpected and deliberate, and it determined that she would not be found on that day. Accordingly, the trial court decided that the Commonwealth had made a good faith effort to procure Ms. Wolff for trial and to locate her on the day of trial when she failed to show. Under the facts, we discern no abuse of discretion with the

court's decision that Ms. Wolff was unavailable for trial for purposes of Rule 804(a)(5).

As for the second prong to Appellant's challenge to the introduction of Ms. Wolff's preliminary hearing testimony—namely, that he was denied a fair and full opportunity to cross-examine Ms. Wolff at the preliminary hearing—we are guided by the following principles:

> Under both our federal and state constitutions a criminal defendant has a right to confront and cross-examine witnesses against him. **Commonwealth v. McGrogan**, 523 Pa. 614, 568 A.2d 924 (1990) (collecting cases). However, it is well established that an unavailable witness' prior recorded testimony from a preliminary hearing is admissible at trial and will not offend the right of confrontation, provided the defendant had counsel and a full opportunity to cross-examine that witness at the prior proceeding. **Commonwealth v. Rodgers**, 472 Pa. 435, 372 A.2d 771 (1977).

**Commonwealth v. Bazemore**, 614 A.2d 684, 685 (Pa. 1999).

Appellant relies on the Pennsylvania Supreme Court's decision in **Bazemore**, 614 A.2d 684 (Pa. 1992), which held that a transcript of preliminary hearing testimony of a Commonwealth witness was inadmissible at trial where the Commonwealth had failed to disclose to the defense prior to the preliminary hearing vital impeachment evidence regarding that witness, namely, that he had supplied prior inconsistent statements during police investigations. Important for our purposes is the observation in **Bazemore** that defense counsel would be deemed to have had the opportunity for full and fair cross-examination of a witness who subsequently becomes unavailable, if the Commonwealth had disclosed the impeachment

- 15 -

evidence to defense counsel "at any time prior to preliminary hearing cross-examination of [the] witness." **Bazemore**, 614 A.2d at 688.[4]

Here, in contrast, nowhere does the trial transcript reveal a defense objection that counsel for Appellant lacked a full opportunity to cross-examine Ms. Wolff during the preliminary hearing, nor does Appellant argue in her counseled brief that either pertinent impeachment evidence or any other evidence advantageous to the defense regarding Ms. Wolff was unavailable to the defense during the preliminary hearing. Instead, Appellant simply offers a bare, unsubstantiated assertion that he lacked a full and fair opportunity to confer with counsel who represented him at the preliminary hearing. As for what Appellant would have informed counsel on that day if given the opportunity, or what he has since learned about his case that would have made a difference at the preliminary hearing if revealed at that time, he does not say.

Because the present facts, therefore, are distinguishable from the operative facts of **Bazemore**, such precedent affords Appellant no relief. As Appellant presents no other argument to support this issue, we dismiss it as meritless.

---

[4] **See also Commonwealth v. Leak**, 22 A.3d 1036, 1045 (Pa. Super 2011) (noting, "The Commonwealth may not be deprived of its ability to present inculpatory evidence at trial merely because the defendant, despite having the opportunity to do so, did not cross-examine the witness at the preliminary hearing stage as extensively as he might have done at trial.").

Judgment of sentence is AFFIRMED.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 12/01/2022