J. S25009/16

**NON-PRECEDENTIAL DECISION – SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| v. | : | |
| | : | |
| LESTER RAY MOUNTAIN, | : | No. 683 WDA 2015 |
| | : | |
| Appellant | : | |

Appeal from the Judgment of Sentence, March 17, 2015,
in the Court of Common Pleas of Allegheny County
Criminal Division at No. CP-02-CR-0012946-2014

BEFORE:  FORD ELLIOTT, P.J.E., MUNDY AND JENKINS, JJ.

MEMORANDUM BY FORD ELLIOTT, P.J.E.:          **FILED APRIL 19, 2016**

Lester Ray Mountain appeals from the judgment of sentence of March 17, 2015, following his conviction of one count each of theft by unlawful taking, defiant trespass, and receiving stolen property ("RSP").  We affirm.

The trial court, sitting as finder-of-fact in this non-jury trial, briefly summarized the testimony as follows:

> Briefly, the evidence presented at trial established that Kim Daugherty lived at 112 Hillside Avenue in Pitcairn.  She had a new lawnmower, which she kept in a separately-gated chicken coop area within her gated yard.  In September, 2014, she went to get the lawnmower and found it missing.  The police were called.
>
> Several days later, Ms. Daugherty's neighbor, Mark Wojton, told the police that he had seen [appellant] in Ms. Daugherty's chicken coop and,

later, on her front porch. As a result of Mr. Wojton's information, the police searched a residence where [appellant] had been squatting and discovered the lawnmower. [Appellant]'s wallet and Social Security card were also located at that residence. [Appellant] subsequently admitted to Pitcairn Police Officer Patrick Loalbo that he had taken the lawnmower. (Trial Transcript, p. 14-15).

Trial court opinion, 7/20/15 at 2.

Following a bench trial held March 17, 2015 before the Honorable Donna Jo McDaniel, appellant was found guilty of theft by unlawful taking, defiant trespass, and RSP.[1] Immediately following trial, appellant was sentenced to two years' probation and to have no further contact with the victim, Daugherty. Post-sentence motions were denied, and this timely appeal followed. Appellant complied with Pa.R.A.P. 1925(b), and the trial court has filed an opinion.

Appellant has raised the following issues for this court's review, challenging the weight and sufficiency of the evidence:

> I.   Was the evidence insufficient to prove that [appellant] took or exercised control of the lawnmower (as the theft count required), or that he possessed the lawnmower (as the [RSP] count required)?
>
> II.  Were the guilty verdicts at Counts 1 and 3 against the weight of the evidence because they were based on entirely vague testimony about an alleged confession, and [Officer] Loalbo failed to include that allegation in his affidavit and police report?

---

[1] 18 Pa.C.S.A. §§ 3921(a), 3503(b), & 3925(a), respectively.

Appellant's brief at 5 (capitalization deleted).[2]

In his first issue on appeal, appellant argues that the Commonwealth failed to establish that he took, exercised control over, or possessed the lawnmower. Appellant states that he was not found with the lawnmower, and no one saw him take it. (Appellant's brief at 12.) Appellant was not present at the abandoned house when Officer Loalbo discovered the lawnmower, and there was no testimony about whether other people slept in or visited the house. (*Id.* at 15.)

When considering a challenge to the sufficiency of the evidence, this court must view the evidence presented in a light most favorable to the Commonwealth, the verdict winner, and draw all reasonable inferences therefrom. *Commonwealth v. Ketterer*, 725 A.2d 801, 803 (Pa.Super. 1999). We must then determine whether the evidence was sufficient to permit the fact-finder to conclude that all of the elements of the crimes charged were proven beyond a reasonable doubt. *Id.* Any question of doubt is for the fact-finder, unless the evidence is so weak and inconclusive that as a matter of law no probability of fact can be drawn from the combined circumstances. *Id.* at 804.

> The Commonwealth may sustain its burden of proving every element of the crime beyond a reasonable doubt by means of wholly circumstantial

---

[2] Additional issues raised in appellant's Rule 1925(b) statement have been abandoned on appeal. Appellant does not challenge the weight or sufficiency of the evidence to support his conviction of Count 2, defiant trespass.

evidence. Moreover, in applying the above test, the entire trial record must be evaluated and all evidence actually received must be considered. Finally, the trier of fact while passing upon the credibility of witnesses and the weight of the evidence produced, is free to believe all, part or none of the evidence.

***Commonwealth v. George***, 705 A.2d 916, 918 (Pa.Super. 1998), ***appeal denied***, 725 A.2d 1218 (Pa. 1998), quoting ***Commonwealth v. Valette***, 613 A.2d 548, 549 (Pa. 1992) (citations and quotation marks omitted).

As stated above, appellant was found guilty of theft by unlawful taking and RSP. The Crimes Code defines theft by unlawful taking, in relevant part, as follows:

### § 3921. Theft by unlawful taking or disposition

**(a)** **Movable property.--**A person is guilty of theft if he unlawfully takes, or exercises unlawful control over, movable property of another with intent to deprive him thereof.

18 Pa.C.S.A. § 3921(a).

RSP is defined as follows:

### § 3925. Receiving stolen property

**(a)** **Offense defined.--**A person is guilty of theft if he intentionally receives, retains, or disposes of movable property of another knowing that it has been stolen, or believing that it has probably been stolen, unless the property is received, retained, or disposed with intent to restore it to the owner.

**(b)** **Definition.--**As used in this section the word 'receiving' means acquiring possession, control or title, or lending on the security of the property.

18 Pa.C.S.A. § 3925.

> To establish the offense of receiving stolen property, the Commonwealth was required to present evidence sufficient to prove beyond a reasonable doubt that (1) the property had been stolen, (2) the accused received the property and (3) the accused knew or had reasonable cause to know that it had been stolen. The Commonwealth may sustain its burden of proof by means of circumstantial evidence.

**Commonwealth v. Worrell**, 419 A.2d 1199, 1201 (Pa.Super. 1980) (citations omitted).

Instantly, appellant was not found in actual physical possession of the lawnmower. Therefore, the Commonwealth had to prove that appellant constructively possessed the lawnmower. "To prove constructive possession of an item, the Commonwealth must show that the defendant had both the intent and the ability to control the item. At the least, the evidence must show that the defendant knew of the existence of the item." **Commonwealth v. Hamm**, 447 A.2d 960, 962 (Pa.Super. 1982) (citations omitted). "[P]ossession may be proved by circumstantial evidence. 'Individually, the circumstances may not be decisive; but, in combination, they may justify an inference that the accused had both the power to control and the intent to exercise that control, which is required to prove constructive possession.'" **Commonwealth v. Carter**, 450 A.2d 142, 144 (Pa.Super. 1982), quoting **Commonwealth v. DeCampli**, 364 A.2d 454, 456 (Pa.Super. 1976) (other citations omitted).

> Constructive possession is a legal fiction, which is invoked when actual possession at the time of arrest cannot be shown, but there is a strong inference of possession from the facts surrounding the case. ***Commonwealth v. Carroll***, 510 Pa. 299, 302, 507 A.2d 819, 820 (1986) (citing Whitebread and Stevens, ***To Have and To Have Not***, 58 U.Va.L.Rev. 751, 755 (1972)); ***Commonwealth v. Thompson***, 779 A.2d 1195, 1199 (Pa.Super. 2001), ***appeal denied***, 567 Pa. 760, 790 A.2d 1016 (2001) (citations omitted); ***Commonwealth v. Hoetzel***, 284 Pa.Super. 623, 426 A.2d 669, 673 (1981). Constructive possession has been defined as "conscious dominion," which requires two elements: the power to control the contraband and the intent to exert such control. ***Carroll***, 510 Pa. at 302, 507 A.2d at 820-21; ***Commonwealth v. Heidler***, 741 A.2d 213, 215-16 (Pa.Super. 1999) (***en banc***), ***appeal denied***, 563 Pa. 627, 758 A.2d 660 (2000).

***Commonwealth v. Battle***, 883 A.2d 641, 644-645 (Pa.Super. 2005), ***appeal denied***, 902 A.2d 1238 (Pa. 2006).

Instantly, Wojton, a good friend of appellant's and Daugherty's next-door neighbor, testified that he saw appellant in Daugherty's chicken coop. (Notes of testimony, 3/17/15 at 10.) Appellant then went onto Daugherty's front porch. (***Id.*** at 11.) Wojton asked appellant what he was doing, and appellant said that he was looking for cigarette butts. (***Id.***) Wojton "thought that was strange." (***Id.***) Wojton could not remember the date that he saw appellant on Daugherty's property. (***Id.*** at 12.)

After Daugherty's lawnmower was reported stolen, Officer Loalbo proceeded to an abandoned house that appellant had recently been seen in. (***Id.*** at 13-14, 18.) Officer Loalbo recovered Daugherty's lawnmower from a

back room of the house. (*Id.* at 14.) Appellant's wallet and social security card were found upstairs. (*Id.*) Officer Loalbo subsequently questioned appellant regarding the incident, and he admitted taking the lawnmower. (*Id.* at 14-15.)

We determine that this evidence was sufficient to prove that appellant was in constructive possession of the stolen lawnmower. As the trial court stated, the crucial piece of evidence was appellant's admission to Officer Loalbo that he took the lawnmower. (Trial court opinion, 7/20/15 at 3.) While appellant argues that his alleged confession was unreliable because Officer Loalbo could not testify as to when and where appellant made the statement, on sufficiency review, we consider the whole record. Appellant's sufficiency claim fails.

Next, appellant claims that the trial court's verdict was against the weight of the evidence. Appellant argues that Officer Loalbo's testimony regarding appellant's alleged confession was unreliable and vague where Officer Loalbo could not specify when or where he made the confession. In addition, Officer Loalbo first mentioned appellant's confession at trial, and it was not included in his police report or in the affidavit of probable cause. (Appellant's brief at 23.) Appellant argues that it is unlikely a police officer with Officer Loalbo's experience (22 years) would not include such crucial evidence in his affidavit or in a supplemental report. (*Id.* at 25.)

> An allegation that the verdict is against
> the weight of the evidence is addressed

to the discretion of the trial court. A new trial should not be granted because of a mere conflict in the testimony or because the judge on the same facts would have arrived at a different conclusion. A trial judge must do more than reassess the credibility of the witnesses and allege that he would not have assented to the verdict if he were a juror. Trial judges, in reviewing a claim that the verdict is against the weight of the evidence[,] do not sit as the thirteenth juror. Rather, the role of the trial judge is to determine that notwithstanding all the facts, certain facts are so clearly of greater weight that to ignore them or to give them equal weight with all the facts is to deny justice.

*Commonwealth v. Widmer*, 560 Pa. 308, 319-20, 744 A.2d 745, 751-52 (2000). (citations, quotation marks, and footnote omitted). In other words, a court may grant a new trial because the verdict is against the weight of the evidence only when the verdict rendered is so contrary to the evidence as to shock one's sense of justice. *Commonwealth v. Goodwine*, 692 A.2d 233, 236 (Pa.Super.1997). The determination of whether to grant a new trial rests within the discretion of the trial court, and we will not disturb this determination absent an abuse of discretion. *Commonwealth v. Young*, 692 A.2d 1112, 1114 (Pa.Super.1997).

*Commonwealth v. Bruce*, 916 A.2d 657, 665 (Pa.Super. 2007).

Because the trial judge has had the opportunity to hear and see the evidence presented, an appellate court will give the gravest consideration to the findings and reasons advanced by the trial judge when reviewing a trial court's determination that the verdict is against the weight of the evidence. One of the least assailable reasons for granting or denying a new trial is the lower court's conviction that the verdict was or was not against the weight of the

> evidence and that a new trial should be granted in the interest of justice.

**Widmer**, 744 A.2d at 753 (citations omitted). **See also Commonwealth v. Clay**, 64 A.3d 1049, 1055 (Pa. 2013) (reiterating that appellate review of a weight claim is a review of the trial court's exercise of discretion, not of the underlying question of whether the verdict is, in fact, against the weight of the evidence).

Officer Loalbo testified that appellant admitted taking Daugherty's lawnmower: "I don't know the date and time, but I did speak to him, and he had admitted he had taken the lawn mower." (Notes of testimony, 3/17/15 at 14-15.) Officer Loalbo conceded on cross-examination that he did not know the date and time he spoke with appellant regarding the incident; however, he testified that, "I speak to [appellant] on almost a daily basis." (**Id.** at 16.) Officer Loalbo did not reference appellant's confession in his police report or in the affidavit of probable cause, nor did he file a supplemental report. (**Id.** at 17-18.)

The reliability of Officer Loalbo's testimony was for the trial judge, who apparently found him to be credible. The trial court remarked that appellant's admission to Officer Loalbo "weighs very heavily." (**Id.** at 23.) The trial court did not abuse its discretion in denying appellant's weight of the evidence claim.

Judgment of sentence affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 4/19/2016