J-S13001-19

NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37

| COMMONWEALTH OF PENNSYLVANIA, | IN THE SUPERIOR COURT OF PENNSYLVANIA |
|---|---|
| Appellee | |
| v. | |
| NORMAN BLACKWELL, | |
| Appellant | No. 729 WDA 2017 |

Appeal from the Judgment of Sentence Entered March 27, 2017
In the Court of Common Pleas of Allegheny County
Criminal Division at No(s): CP-02-CR-0007623-2015

BEFORE: BENDER, P.J.E., OTT, J., and STRASSBURGER, J.[*]

MEMORANDUM BY BENDER, P.J.E.:                    FILED MAY 22, 2019

Appellant, Norman Blackwell, appeals from the judgment of sentence of
4-10 years' incarceration, imposed following his conviction for drug and
firearm offenses. Appellant challenges the trial court's denial of his pre-trial
motion to reveal the identity of a confidential informant, and the trial court's
denial of his motion to postpone sentencing. After careful review, we affirm.

The trial court summarized the facts adduced at Appellant's trial as
follows:

> On February 19, 2015, police officers executed a search warrant
> at 1875 Sawmill Run Boulevard, Apartment 2, Pittsburgh,
> Pennsylvania. Police officers had previously been conducting
> surveillance on the apartment and had observed [Appellant]
> entering and exiting the residence on multiple occasions. A
> vehicle [Appellant] had been observed driving was parked outside
> the residence on a number of occasions. [Appellant] had been

_____

[*] Retired Senior Judge assigned to the Superior Court.

observed using keys to unlock and lock the door to the apartment when entering and exiting the apartment. Upon executing the search warrant, police officers recovered a Duquesne Light electric bill, a Comcast cable bill and letters addressed to [Appellant] in a drawer in the kitchen cabinets of the apartment. The pieces of mail were dated 2014 and 2015. Cash in the amount of $3,517 was also recovered from the bedroom of the apartment. Medication prescribed to [Appellant] was found in the apartment. Officers also observed two photographs of [Appellant] in the residence. Relevant to the criminal charges in this case, a stamping device and empty stamp bags were found in the apartment.[1] Two cell phones were also located in the apartment. Police officers recovered a firearm in the residence from the pocket of a coat hanging in the bedroom closet. Three hundred and seventy-one stamp bags of heroin (8.809 grams) were recovered from a gray bag and a Pringles (potato chips) container, both of which were located in a kitchen cupboard. After [Appellant] was taken into custody, he asked the police officers to use his keys to lock the apartment door.

[1] These items are used to label and package heroin for resale.

Testimony at trial established that there was only one bed in the apartment. All of the clothes located in the apartment were size XXL. At the relevant time [Appellant] was five feet, eleven inches tall and weighed approximately 245 pounds. There was no evidence that anyone else resided at the apartment.

Trial Court Opinion (TCO), 6/10/18, at 1-2.

The Commonwealth charged Appellant with person not to possess a firearm, 18 Pa.C.S. § 6105; possession with intent to deliver a controlled substance (PWID), 35 P.S. § 780-113(a)(30); possession of a controlled substance, 35 P.S. § 780-113(a)(16); and possession of drug paraphernalia, 35 P.S. § 780-113(a)(32). On April 16, 2016, Appellant filed a timely motion seeking to have the Commonwealth reveal the identity of the confidential informant, as well as a timely motion to suppress the seized contraband.

Appellant filed amendments to both motions on April 21, 2016. Following a hearing held on May 5, 2016, the trial court denied both motions. See Order Denying Motion to Produce Confidential Informant, 5/16/16, at 1; Order Denying Motion to Suppress, 5/16/16, at 1. A non-jury trial was held on December 19-20, 2016, at the conclusion of which the court found Appellant guilty on all counts. The trial court deferred sentencing until March 27, 2017.

Prior to sentencing, Appellant obtained new counsel, Thomas Farrell, Esquire, who entered his appearance on Appellant's behalf on March 20, 2017. Appellant simultaneously filed a motion to continue/postpone his sentencing hearing in order to afford Attorney Farrell time to prepare. The district attorney consented to the continuance. Nevertheless, on March 27, 2017, the trial court denied the motion to continue the sentencing hearing, and proceeded to sentence Appellant to 4-10 years' incarceration for PWID, and to no further penalty for the remaining offenses. Appellant filed a timely post-sentence motion on April 6, 2017, which the court denied without a hearing on April 19, 2017. Appellant then filed a timely notice of appeal and a timely, court-ordered Pa.R.A.P. 1925(b) statement. The trial court issued its Rule 1925(a) opinion on July 10, 2018.[1]

Appellant now presents the following questions for our review:

_____

[1] Appellant's notice of appeal was filed by the Allegheny County Public Defender's Office (ACPD), which the trial court appointed after Attorney Farrell withdrew his appearance with leave of the trial court. Subsequently, two changes in Appellant's appointed counsel occurred due to those attorneys' discontinuing their employment with the ACPD.

    I.     Whether the trial court erred in failing to grant [Appellant]'s pre-trial motion to disclose the confidential informant's identity when [Appellant] sufficiently demonstrated that production was material to his defense, reasonable, and in the interests of justice?

    II.    Whether the trial court erred in failing to grant [Appellant]'s request to postpone sentencing when [Appellant] had retained new counsel only seven days prior to the date of sentencing, upon being retained new counsel immediately entered his appearance and filed a motion for continuance, the Commonwealth consented to a continuance of [Appellant]'s sentencing hearing, and new counsel was unable to be adequately prepared for sentencing because [Appellant]'s prior counsel had not yet turned over [Appellant]'s file to him despite repeated requests for it?

Appellant's Brief at 5.

After a thorough review of the record, Appellant's brief, the applicable law, and the comprehensive and well-reasoned opinion of the Honorable Anthony M. Mariani, we conclude that there is no merit to Appellant's first claim on appeal, and do so based on the reasons set forth in that opinion. See TCO at 6-8 (ruling that the bald allegations of Appellant's counsel, in the absence of any evidentiary support, were not sufficient to demonstrate the materiality of the informant's identity to Appellant's defense at trial).

However, we disagree with the trial court's conclusion that it did not err when it denied Appellant's motion to continue/postpone the sentencing hearing, as Attorney Farrell presented a facially valid reason to postpone the hearing (as he had not yet received Appellant's file from prior counsel prior to the hearing), no prior postponements of sentencing had been sought by the defense, and because the Commonwealth did not object to the motion to

continue. Nevertheless, we agree with the trial court that its error did not prejudice Appellant. See TCO at 13 ("[Appellant] has not specified how, if at all, he was prejudiced by the denial of Attorney Farrell's request for postponement."). As noted by the Commonwealth, "a simple allegation that more time is necessary for preparation will not serve as a basis for the reversal of the denial of a continuance motion." Commonwealth's Brief at 17 (citing Commonwealth v. Brown, 505 A.2d 295, 298 (Pa. Super. 1986)).

In Brown, we articulated our standard of review as follows:

The granting or refusal of a request for continuance is vested in the discretion of the trial court. The denial of a continuance will be reversed on appeal only upon a showing of palpable and manifest abuse of discretion. A simple allegation that more preparation is necessary for investigation and trial preparation will not suffice in demonstrating an abuse of discretion. Mere shortness of time in which to prepare does not mandate the granting of a continuance. An appellant must be able to show specifically in what manner he was unable to prepare his defense or how he would have prepared differently had he been given more time. We will not reverse a denial of a motion for continuance in the absence of prejudice.

Id. at 298 (cleaned up).

In the case sub judice, Appellant has not argued, or otherwise demonstrated, how Attorney Farrell would have prepared differently if he had been granted a postponement of Appellant's sentencing hearing. Appellant has not demonstrated, for instance, what other witnesses he would have called to the sentencing hearing, or what relevant evidence he could have produced with more time to prepare. Accordingly, we conclude that Appellant is not entitled to relief on his second claim.

Judgment of sentence affirmed.

Judge Ott joins this memorandum.

Judge Strassburger files a concurring and dissenting memorandum.


Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date:  5/22/2019

IN THE COURT OF COMMON PLEAS OF ALLEGHENY COUNTY, PENNSYLVANIA
CRIMINAL DIVISION

COMMONWEALTH OF PENNSYLVANIA ) 
                                      )  
      vs.                        ) CC No. 201507623  
                                        )  
NORMAN BLACKWELL, ) 
                                      )  
      Defendant.                 )  
                                      )

**ORIGINAL**
Criminal Division
Dept. Of Court Records
Allegheny County, PA

**O P I N I O N**

Mariani, J.

This is a direct appeal wherein the defendant, Norman Blackwell, appeals from the April 19, 2017 denial of his post-sentencing motions following the judgment of sentence of March 27, 2017. After a non-jury trial, the defendant was convicted of being a person not to possess a firearm, possession of heroin, possession with intent to distribute heroin and possession of drug paraphernelia. The defendant was sentenced to a period of imprisonment of not less than four years nor more than ten years at the felony drug count. No further penalty was imposed at the remaining counts. The defendant has filed a timely Notice of Appeal.

The credible evidence presented at trial establshed that the following events transpired:

On February 19, 2015, police officers executed a search warrant at 1875 Sawmill Run Boulevard, Apartment 2, Pittsburgh, Pennsylvania. Police officers had previously

been conducting surveillance on the apartment and had observed the defendant entering and exiting the residence on multiple ocassions. A vehicle the defendant had been observed driving was parked outside the residence on a number of ocassions. The defendant had been observed using keys to unlock and lock the door to the apartment when entering and exiting the apartment. Upon executing the search warrant, police officers recovered a Duquense Light electric bill, a Comcast cable bill and letters addressed to the defendant in a drawer in the kitchen cabinets of the apartment. The pieces of mail were dated 2014 and 2015. Cash in the amount of $3,517 was also recovered from the bedroom of the apartment. Medication prescribed to the defendant was found in the apartment. Officers also observed two photographs of the defendant in the residence. Relevant to the criminal charges in this case, a stamping device and empty stamp bags were found in the apartment.[1] Two cell phones were also located in the apartment. Police officers recovered a firearm in the residence from the pocket of a coat hanging in the bedroom closet. Three hundred and seventy-one stamp bags of heroin (8.809 grams) were recovered from a gray bag and a Pringles (potato chips) container, both of which were located in a kitchen cupboard. After the defendant was taken into custody, he asked the police officers to use his keys to lock the apartment door.

Testimony at trial established that there was only one bed in the apartment. All of the clothes located in the apartment were size XXL. At the relevant time the defendant was five feet, eleven inches tall and weighed approximately 245 pounds. There was no evidence that anyone else resided at the apartment.

---

[1] These items are used to label and package heroin for resale.

2

Defendant's first two claims are that the evidence was insufficient to prove that he possessed the heroin, the stamping device and empty stamp bags and the firearm that were recovered from the apartment. Proof of possession was necessary to convict the defendant of possession of heroin, possession with intent to distribut the heroin, possession of a firearm by a prohibited person and possession of drug paraphernelia. Defendant challenges no other elements of those offenses. Relative to these claims of error, the standard of review for sufficiency of the evidence claims is well settled:

> the standard we apply in reviewing the sufficiency of the evidence is whether viewing all the evidence admitted at trial in the light most favorable to the verdict winner, there is sufficient evidence to enable the fact-finder to find every element of the crime beyond a reasonable doubt. In applying the above test, we may not weigh the evidence and substitute our judgment for the fact-finder. In addition, we note that the facts and circumstances established by the Commonwealth need not preclude every possibility of innocence. Any doubts regarding a defendant's guilt may be resolved by the fact-finder unless the evidence is so weak and inconclusive that as a matter of law no probability of fact may be drawn from the combined circumstances. The Commonwealth may sustain its burden of proof [of] proving every element of the crime beyond a reasonable doubt by means of wholly circumstantial evidence. Moreover, in applying the above test, the entire record must be evaluated and all the evidence actually received must be considered. Finally, the trier of fact while passing upon the credibility of witnesses and the weight of the evidence produced, is free to believe all, part or none of the evidence.

Commonwealth v. Lehman, 820 A.2d 766, 772 (Pa. Super. 2003). In addition, "[a]ny doubts regarding a defendant's guilt may be resolved by the fact-finder unless the evidence is so weak and inconclusive that as a matter of law no probability of fact may be drawn from the combined circumstances." Commonwealth v. Cassidy, 668 A.2d 1143,

3

1144 (Pa.Super. 1995). It is for the trier of fact to make credibility determinations. Commonwealth v. Schoff, 911 A.2d 147, 159 (Pa.Super 2006).

With respect to possessory offenses, possession can be found by proving actual possession, constructive possession or joint constructive possession. Commonwealth v. Heidler, 741 A.2d 231, 215 (Pa.Super. 1999). Possession can be proved by circumstantial evidence. Commonwealth v. Bentley, 276 Pa. Super. 41, 46, 419 A.2d 85, 87 (1980). In Commonwealth v. Carroll, 510 Pa. 299, 302, 507 A.2d 819, 821 (1986) citing Whitebread and Stevens, *To Have and To Have Not*, 58 U.Va.L.Rev. 751, 755 (1972), the Pennsylvania Supreme Court explained that "[t]he purpose of the constructive possession doctrine is to expand the scope of possession statutes to encompass those cases where actual possession at the time of arrest cannot be shown but where the inference that there has been actual possession is strong." Constructive possession is "the ability to exercise a conscious dominion over the contraband, the power to control the contraband and the intent to exercise that control." Commonwealth v. Macolino, 503 Pa. 201, 206, 469 A.2d 132, 134 (1983). Constructive possession may be found in one or more actors where the item in issue is in an area of joint control and equal access. Commonwealth v. Murdrick, 510 Pa. 305, 507 A.2d 1212 (1986). In Macolino, this Court further determined that "an intent to maintain a conscious dominion may be inferred from the totality of the circumstances . . . . [and], circumstantial evidence may be used to establish a defendant's possession of drugs or contraband." Macolino, 503 Pa. at 206, 469 A.2d at 134. (citations omitted). See also Commonwealth v. Dargan, 897 A.2d 496, 504 (2006); Commonwealth v. Bricker, 882 A.2d 1008, 1014 (Pa.Super. 2005);

4

Commonwealth v. Kirkland, 2003 PA Super 279, 831 A.2d 607, 610 (Pa. Super. 2003), *appeal denied*, 577 Pa. 712, 847 A.2d 1280 (Pa. 2004); Commonwealth v. Petteway, 2004 PA Super 109, 847 A.2d 713, 716 (Pa. Super. 2004); Commonwealth v. Parker, 2004 PA Super 113, 847 A.2d 745, 750 (Pa. Super. 2004).

In Commonwealth vs. Hanson, 623 Pa. 388; 82 A.3d 1023, 1036-1037 (Pa. 2013), the Pennsylvania Supreme Court held;

> Accordingly, we hold that, for purposes of *Section 9712.1(a)*, "physical possession or control" means the knowing exercise of power over a weapon, which may be proven through evidence of a direct, physical association between the defendant and the weapon or evidence of constructive control. Constructive control, in this setting, an analogue to constructive possession, entails the ability to exercise a conscious dominion and the intent to do so.

In this case, the Commonwealth proved beyond a reasonable doubt that the defendant possessed the heroin, the firearm and the stamping device and stamp bags in question. Substantial trial evidence was presented that the apartment was the defendant's residence and only the defendant's residence. The correspondence addressed to the defendant, the observations of the defendant unlocking and locking the residence during surveillance, the fact that a vehicle associated with the defendant was parked outside the apartment and the fact that the defendant directed the officers to the location of his keys and asked officers to lock the residence after his arrest are all facts which support a finding that the apartment was the defendant's residence. Additionally, the fact that the only clothing inside the residence appeared to be of the defendant's size and that there

5

was only one bedroom inside the apartment were indicative that the defendant was the only resident of the apartment. This Court also believes that the fact that the contraband recovered from the apartment was not particularly hidden inside the residence was proof that the defendant was the only resident of the apartment. Considering this evidence, this Court believes that the evidence presented by the Commonwealth was sufficient to convict.

Defendant next claims that this Court erred when it refused to grant his pretrial motion to disclose the identity of a confidential informant. Defendant filed a motion claiming that the identity of the confidential informant was necessary because the informant would have provided exculpatory testimony that would have benefitted the defendant in this case. The Commonwealth has the benefit of a qualified privilege to withhold the identity of a confidential informant. Commonwealth v. Bing, 713 A.2d 56 (Pa. 1998); Commonwealth v. Roebuck, 545 Pa. 471, 681 A.2d 1279, 1283 n. 6 (1996). To obtain disclosure of a confidential informant's identity, a defendant must first establish, pursuant to Pa.R.Crim.P. 573(B)(2)(a)(i), that the information sought by the defendant is material to the preparation of the defense and that the request is reasonable. Roebuck, supra at 1283,. Only when a defendant demonstrates that the identity of a confidential informant is material to the defense should a trial court exercise its discretion to determine whether the information should be revealed by balancing relevant factors, which are initially weighted toward the Commonwealth. Commonwealth v. Herron, 380 A.2d 1228 (Pa. 1977).

Citing Commonwealth v. Carter, 233 A.2d 284, 287 (Pa. 1967) and

6

Commonwealth v. Marsh, 997 A.2d 318, 321–322 (Pa. 2010), the Superior Court, in Commonwealth. v. Watson, 69 A.3d 605, 607–08 (Pa.Super. 2013), explained that a court must consider the following principles in determining whether the identity of a confidential informant should be disclosed:

> A further limitation on the applicability of the privilege arises from the fundamental requirements of fairness. Where the disclosure of an informer's identity, or of the contents of his communication, is relevant and helpful to the defense of an accused, or is essential to a fair determination of a cause, the privilege must give way. In these situations[,] the trial court may require disclosure and, if the Government withholds the information, dismiss the action.

> [N]o fixed rule with respect to disclosure is justifiable. The problem is one that calls for balancing the public interest in protecting the flow of information against the individual's right to prepare his defense. Whether a proper balance renders nondisclosure erroneous must depend on the particular circumstances of each case, taking into consideration the crime charged, the possible defenses, the possible significance of the informer's testimony, and other relevant factors.

The record in this case discloses that the defendant did not provide a sufficient basis to establish that the identity of the confidential informant was material to the preparation of his defense. Defendant argued to this Court that the informant never interacted with the defendant and his identity should have been disclosed so he could testify to that fact. Additionally, defendant argued that the affidavit of probable cause submitted in support of the search warrant executed in this case was devoid of probable cause because it did not disclose how the informant knew the defendant or that the informant knew that the defendant sold drugs.

7

Importantly, the identity of the confidential informant was not material to any possible defense that could have been mounted by the defendant at trial. The evidence that was used to convict the defendant was evidence that was seized pursuant to a search warrant from the residence associated with the defendant. The informant was not a potential witness at trial and his or her testimony was not necessary to convict the defendant at trial. Therefore, to the extent that defendant claimed that the identity of the informant was material to any trial defense, such a claim was wholly meritless.

With respect to the claim that the identity of the informant was necessary to establish that probable cause did not exist for the issuance of the search warrant, the defendant made bald, general allegations that the confidential informant would have provided exculpatory information relative to the suppression motion. The defendant did not provide any foundational factual support for those contentions beyond the unsupported allegation that the informant would explain that he did not have a relationship with the defendant that involved the trafficking of drugs. The defendant's assertions were directly contradicted by the allegations contained in the search warrant affidavit. Moreover, this Court could not endorse the defendant's request on such a weak foundation. If general allegations that a confidential informant will provide exculpatory information warranted the disclosure of the identity of a confidential informant, such requests would be requested and granted in almost every case. Pennsylvania law requires more and the defendant could not meet that burden in this case. The defendant's motion was properly denied.

8

Defendant next claims that this Court erred when it refused to grant his pretrial motion to suppress evidence based on a defective search warrant. Defendant claims that the affidavit of probable cause was insufficient because it did not explain that the defendant was ever observed selling drugs to anyone and that, therefore, the confidential informant was unreliable.

Article I, Section 8 and the Fourth Amendment each require that search warrants be supported by probable cause. Commonwealth v. Jones, 988 A.2d 644, 655 (Pa. 2010). "The linch-pin that has been developed to determine whether it is appropriate to issue a search warrant is the test of probable cause." Commonwealth v. Edmunds, 526 Pa. 374, 586 A.2d 887, 899 (Pa.1991) (quoting Commonwealth v. Miller, 513 Pa. 118, 518 A.2d 1187, 1191 (Pa. 1986)). "Probable cause exists where the facts and circumstances within the affiant's knowledge and of which he has reasonably trustworthy information are sufficient in themselves to warrant a man of reasonable caution in the belief that a search should be conducted." Commonwealth v. Thomas, 448 Pa. 42, 292 A.2d 352, 357 (Pa. 1972).

"Before an issuing authority may issue a constitutionally valid search warrant, he or she must be furnished with information sufficient to persuade a reasonable person that probable cause exists to conduct a search". Commonweatlh v. Davis, 466 Pa. 102, 351 A.2d 643 (1976). The standard for determining whether the requisite level of probable cause exists for the issuance of a search warrant is the "totality of circumstances" test set forth in Illinois v. Gates, 462 U.S. 213, 76 L.Ed.2d 527, 103 S.Ct. 2317 (1983). See Commonwealth v. Gray, 509 Pa. 476, 484, 503 A.2d 921 (1985). Specifically,

> A magistrate is to make a 'practical, common-sense decision whether, given all the circumstances set forth in the affidavit before him, including the 'veracity' and basis of knowledge' of person supplying hearsay information, there is a fair probability that contraband or evidence of a crime will be found in a particular place.

Commonwealth v. Jones, 542 Pa. 418, 668 A.2d 114, 117, (1995) citing Gray, 503 A.2d 925, quoting Gates, 462 U.S. at 238-39.

The information contained in an affidavit must be viewed "in a common sense, non-technical manner and deference must be accorded to the issuing magistrate." Jones, 668 A.2d at 117. The magistrate's finding of probable cause must be limited to the four corners of the affidavit. Commonwealth v. Stamps, 493 Pa. 530, 427 A.2d 141, 141 (1981). Both the magistrate, in a pre-search determination of probable cause, and the trial court in its post-search review of the search warrant, must read affidavits filed in support of a search warrant in a common sense fashion in determining whether probable cause exists. Commonwealth v. Leed, 2018 WL 2452659 (Pa. June 1, 2018). A reviewing court should not conduct a *de novo* review of the issuing authority's probable cause determination but should only determine whether there is substantial evidence in the record supporting the decision to issue a warrant. Commonwealth v. Gagliardi, 128 A.3d 790, 794 (Pa. Super. 2015) A reviewing court must afford deference to the issuing authority's probable cause determination, and shall view the information set forth in the affidavit in a common-sense, non-technical manner. Id. If a substantial basis exists to support the issuing authority's probable cause finding, the trial court must uphold that determination even if a different issuing authority might have found the affidavit insufficient to support a warrant. Id. at 795.

10

The Affidavit of Probable Cause clearly contains the requisite probable cause that evidence of criminal activity would be found in the Sawmill Run apartment. The affidavit explained that the defendant was specifically known by the street name of "Dirt." The affidavit further explained that the defendant resided at 1875 Sawmill Run Boulevard and that he had been selling heroin out of that residence. Relying on that information, law enforcement officers had conducted surveillance of that location and observed the defendant coming in and out of that residence. A silver BMW automobile that the defendant had been known to drive was located outside the residence on a regular basis. The affiant opined that it appeared as though drug transactions were occurring at the residence. The affidavit explained that law enforcement officers utilized a reliable confidential source to make a controlled purchase of heroin from the defendant, who the informant knew as "Dirt" from the 1875 Sawmill Run Boulevard residence. After ensuring that the confidential informant did not have any money or contraband on his or her person, the informant was provided with official funds to make the controlled purchase. Law enforcement officers maintained surveillance on the informant as the informant entered the Sawmill Run residence. The informant exited the residence within 30 seconds and returned to the officers with heroin purchased from the defendant. The informant advised the officers that "Dirt" told him or her that the heroin was "fire" and that the informant should "hit me up when you're ready for more." The affidavit also listed a number of cases in which the confidential informant had provided information or made controlled purchases of narcotics that resulted in convctions. Analyzing the facts set forth in the affidavit in a common sense, non-technical manner, this Court believes

11

that the affidavit contained substantial evidence supporting the issuance of the search warrant

Defendant finally claims that this Court erred when it denied sentencing counsel's motion to continue the sentencing hearing. "The grant or denial of a motion for a continuance is within the sound discretion of the trial court and will be reversed only upon a showing of an abuse of discretion." Commonwealth v. Boxley, 948 A.2d 742, 746 (Pa. 2008). An abuse of discretion is "not merely an error of judgment; rather discretion is abused when 'the law is overridden or misapplied, or the judgment exercised is manifestly unreasonable, or the result of partiality, prejudice, bias, or ill-will, as shown by the evidence or the record.' " Id.

This Court did not abuse its discretion in denying the motion to continue the sentencing of this case. Defendant was represented by Attorney Christopher Urbano during pretrial proceedings and at trial. After the defendant was found guilty on December 20, 2015, a pre-sentence investigation report was ordered and sentencing was scheduled for March 27, 2016.

On March 20, 2016, Attorney Thomas N. Farrell filed an entry of appearance and a motion to postpone the sentencing. The motion for postponment indicated that Mr. Farrell had just been hired and he had a scheduling conflict. No other reason for postponement was given. Mr. Urbano had not requested that his appearance be withdrawn.

12

Based on the fact that Mr. Urbano was still counsel of record and the motion for postponement was filed only one week before the sentencing hearing, the Court did not act on it until March 27, 2016, since, among other things, the defendant would need to be present for the selection of a new sentencing date. Despite his claim of a scheduling conflict, Attorney Farrell appeared at the sentencing hearing and presented a witness on behalf of the defendant. Mr. Urbano did not attend the sentencing hearing. The defendant has not specified how, if at all, he was prejudiced by the denial of Attorney Farrell's request for postponement such that an abuse of the Court's discretion occurred.

Accordingly, the judgment of sentence should be affirmed.

By the Court:

Date: _JULY 9, 2018_     _____
                              J.

13